IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN YOUNG,

    Petitioner,

 v.

ALAMEDA COUNTY SUPERIOR COURT,

    Respondent.

                                      /

No. C 12-02842 EJD (PR)

ORDER OF DISMISSAL

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**DISCUSSION**

Petitioner was found guilty by a jury in Alameda County Superior Court of second degree robbery and kidnaping to commit rape. (Pet. 2.) Petitioner was sentenced on May 14, 2012; Petitioner did not provide the terms of his sentence. Petitioner admits that he did not appeal the conviction, sentence or commitment, and that he did not seek review in the California Supreme Court. (Id. at 5.) Petitioner also admits that he did not file any other petition, application or motion in any court. (Id. at 6.)

///

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.12\02842Young_dism-exh.wpd

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). It is clear from the petition that Petitioner did not exhaust any of the claims presented in the petition at the time of filing. Accordingly, this petition must be DISMISSED for failure to exhaust all claims.

## CONCLUSION

The instant petition is DISMISSED for failure to exhaust state court remedies. See Rose v. Lundy, 455 U.S. at 510. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies.

DATED: 8/10/2012

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.EJD\HC.12\02842Young_dism-exh.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BRIAN YOUNG,

        Petitioner,

v.

ALAMEDA COUNTY SUPERIOR COURT,

        Respondent.

Case Number: CV12-02842 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/21/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Young T-15087
San Quentin State Prison
San Quentin, CA 94974

Dated: 8/21/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk